```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF MINNESOTA
                    Civil No.: 18-27(DSD/HB)
```

Aric W. Hall,

       Plaintiff,

v.                                             **ORDER**

Capella University,

       Defendant.

    Aric W. Hall, PO. Box 952, Bullard, TX 75757, plaintiff pro se.

    Peter C. Hennigan, Esq. and Maslon LLP, 3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion to dismiss by defendant Capella University. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted.

## BACKGROUND

This dispute arises out of Capella's disenrollment of plaintiff Aric W. Hall from its Ph.D. program in February 2012. Hall enrolled in Capella's "long-track" Ph.D. program in 2003. <u>Hall v. Capella Univ.</u>, No. 16-223, ECF No. 1 ¶ 5.[1] The long-track program allowed him to complete his doctorate over a period of

---

[1] Because the instant complaint does not provide sufficent background, the court will occasionally reference his previous complaint filed in 2016.

seven years. Id. Hall alleges that, in 2011, despite submitting draft dissertation templates to an unnamed dissertation advisor multiple times, he received no feedback or response.[2] Compl. ¶ 8. The dissertation advisor also allegedly failed to sign off on Hall's milestones or otherwise communicate with him.[3] Id. ¶¶ 6-7. Capella disenrolled Hall in February 2012, even though unnamed university advisors allegedly told him, that same month, that they would "press for an extension" and "seek a new dissertation advisor." Id. ¶ 12. The complaint does not state whether Capella provided reasons for his disenrollment.

On February 1, 2016, Hall filed suit against Capella University and Capella Education Company alleging fraud and breach of contract based on the facts stated above as well as several additional allegations. See Hall v. Capella Univ., No. 16-223, ECF No. 1. On June 21, 2016, the court found that most of the alleged conduct was barred either by the statute of limitations or the educational malpractice doctrine, and it dismissed those claims with prejudice. Id. ECF No. 25, at *3-6. The court, however, dismissed his fraud and breach of contract claims as they pertained to his 2012 disenrollment without prejudice so that he could re-

---

[2] The complaint does not address whether this was the first time that Hall submitted a dissertation template or, if so, why he submitted it in the eighth year of a seven-year program.

[3] Hall states that this was his second dissertation advisor. He does not identify his first dissertation advisor, nor does he explain why he was reassigned to another advisor.

2

file his complaint and plead the factual bases of his claims with more specificity. Id.

On January 4, 2018, Hall again filed suit against Capella University alleging fraud and false advertizing based on his disenrollment from the Ph.D. program. Capella now moves to dismiss.

**DISCUSSION**

**I. Standard of Review**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). The court notes that Hall is

3

pro se and, therefore, it will liberally construe his complaint, but it will not assume facts not alleged. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

**II. Motion to Dismiss**

Capella argues that both of Hall's claims must be dismissed because he has failed to plead them with sufficient particularity. The court agrees.

**A. Fraud**

To state a claim for fraud under Minnesota law, Hall must sufficiently plead with particularity facts that: (1) Capella made a false representation of a past or existing material fact; (2) it knew that the representation was false or "made [it] without knowing whether it was true or false; (3) it intended to induce Hall to rely on the representation; (4) Hall did in fact rely on the representation; and (5) Hall suffered pecuniary damages as a result. U.S. Bank N.A. v. Cold Spring Granite Co., 802 N.W. 2d 363, 373 (Minn. 2011).

Because this is a fraud claim, Hall is required to plead it with particularity. Fed. R. Civ. P. 9(b). In other words, he is required to plead "the who, what, where, when, and how of the alleged fraud." U.S. ex rel. Thayer v. Planned Parenthood of Heartland, 765 F.3d 914, 917 (8th Cir. 2014)(internal quotation marks and citations omitted).

Hall has not pleaded facts with sufficient particularity to state a claim for fraud. First, Hall does not specifically identify any false representation. He generally asserts that Capella promised him an opportunity to pursue a Ph.D., but does not provide further details about the program or alleged promise. For example, he does not state who acted on behalf of Capella or what specific services Capella promised to provide him. Hall also generally references representations made by Capella's milestones and catalogs, but fails to state with specificity their contents or even why such statements were false. Even assuming that such general allegations are sufficient, Hall pleads no facts to suggest that Capella knew that the representations were false, or that it made such representations without knowing whether they were true or false. Indeed, even if the court did not apply a Rule 9(b) standard, Hall's complaint does not plead sufficient facts to give rise to a plausible claim for fraud.

To the extent that Hall bases his fraud claim on the university advisors' claims that they would seek an extension or find a new dissertation advisor for him, it fails as well. Hall does not provide the names of the university advisors, nor does he plead facts suggesting that the university advisors made the representations knowing that they were false or without regard to their truth or falsity. In addition, he does not allege that the university advisors failed to follow through on their promises. As

5

a result, the court must dismiss Hall's fraud claim.

## B. False Advertising

Hall also fails to plead sufficient facts to support a false advertising claim. In Minnesota, it is a crime to make "any material assertion, representation, or statement of fact which is untrue, deceptive, or misleading" in an advertisement. Minn. Stat. § 325F.67. An individual injured because of a violation of the statute may bring a civil action under Minn. Stat. § 8.31; see also LensCrafters, Inc. v. Vision World, Inc., 943 F. Supp. 1481, 1491 (D. Minn. 1996). In order to prove a violation of the statute, a plaintiff must show that the defendant (1) intentionally (2) published (3) a false or misleading advertisement. Id. Because the claim sounds in fraud, the particularity requirements of Rule 9(b) apply. Russo v. NCS Pearson, Inc., 462 F. Supp. 2d 981, 1003 (D. Minn. 2006).

Hall fails to identify a false or misleading published statement, the content of the statement and why it was false or misleading, or the date of publication. As a result, Hall's false advertising claim is insufficiently pleaded and must be dismissed.

Because this is Hall's second chance to plead his claims with sufficient particularity, and he has again failed to do so, the court dismisses his claims with prejudice.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to dismiss [ECF No. 14] is granted; and

2. The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: July 16, 2018

s/David S. Doty
David S. Doty, Judge
United States District Court
